JiTHOMAS W. TANNER, Judge Pro Tern.,
dissenting.
I dissent. The majority opinion finds that defendant offered no evidence to the jury from which it could infer that he was resisting arrest, and that his resisting-arrest defense was inapplicable under the facts. However, La.R.S. 14:108 defines resisting arrest as the intentional obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest; “obstruction” means “flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.” Here, defendant’s behavior, at least arguably, could constitute flight under La.R.S. 14:108’s definition and the resisting-arrest charge is applicable under the facts.
Further, the jury heard testimony from defendant that he knew he was being set up because he had previously been stopped for drugs by Detective Collins and that Collins “had made statements before that he was going to do everything in his power to see me terminated from the police department.” The jury could have inferred that defendant believed his arrest was not justified, although, since the trial judge did not allow defense counsel to argue this point to the jury, it was not aware that it should consider whether defendant’s belief that he was under *145 arrest was objective or subjective under State v. Siggers, 490 So.2d 716, 720 (La. App.2d Cir.), writ denied, 494 So.2d 1182 (La.1986). We quote the jury’s questions to the judge below.
(1) Why was this procedure for the arrest taken this way?
(2) Why was he told that he was going to be working undercover when in fact he was going to be arrested when he arrived.
(3) Was there or was there not someone in the office that said you are arrested for carnal knowledge of a juvenile?
(4) Why wasn’t he chased?
|⅞(5) What is a locked jury?
Clearly, as even the majority opinion points out, the jury was confused. There was sufficient evidence from which it could have inferred that defendant was guilty of resisting arrest rather than of simple escape, or, alternatively, that the state did not prove defendant guilty of simple escape. The charge should have been given. The trial court’s failure to do so constitutes reversible error, because it prejudiced substantial rights of the accused. State v. Vergo, 594 So.2d 1360 (La.App.2d Cir.), writ denied, 598 So.2d 373 (La.1992). The jury had insufficient information to understand that if defendant were guilty of resisting arrest he could not have been guilty of simple escape, and the omission of the charge was prejudicial. See State v. Bullock, 576 So.2d 453, 456; State v. Marse, 365 So.2d 1319, 1324 (La.1978).